WESTERN DIST.
September, 1831.

DUGAT
vs.
VILLEJOIN ET
ALS.

So where the mother made a donation to her daughter, who afterwards died, leaving a child which died in thirteen days after its mother; the donor or grandmother of the child being yet alive, inherited the property of the donation to the exclusion of the father of the child.

## DUGAT vs. VILLEJOIN ET ALS.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.

A sheriff who sells property, under execution, on twelve months' credit, and omits to include a sufficient sum, in the twelve months' bond, to satisfy the debt, interest and costs, when the amount of the property sold was sufficient, makes himself liable to the debtor or defendant in execution for the deficiency.

---

WESTERN DIST.
*September*, 1831.

DUGAT
*vs.*
VILLEJOIN ET
ALS.

Alexandré Dugat and Joseph E. Dugat, were sued on their joint obligation, and judgment obtained, which, with interest and costs, amounted to six hundred and thirty-six dollars and seventy-eight cents. Execution issued, and was levied on some houses and lots, the joint property of both, but in the possession of Joseph E. Dugat, the principal debtor. They were sold for one thousand dollars, on twelve months' credit, and bought in by Joseph E. Dugat, who gave his twelve months' bond, with a surety, for five hundred and thirty-seven dollars and seventy-one cents, leaving one hundred dollars of the debt unsatisfied. There was a mortgage on the property sold in favor of A. Mouton for three hundred dollars.

The sheriff's liability to the plaintiff turned out as follows:

| | | |
|---|---:|---:|
| The sale of the property of plaintiff, and his brother, the principal debtor, was for...............................| $1,000 | 00 |
| The amount of A. Mouton's mortgage................... | 300 | 00 |
| Net amount of sale............................................. | 700 | 00 |
| The amount of judgment and execution.............. | 636 | 78 |
| | 63 | 22 |
| Half the net amount of the sale, after satisfying the execution belonging to A. Dugat, who was joint owner of the property sold,........................ | 31 | 61 |
| In consequence of the sheriff taking the twelve months' bond for less, by a hundred dollars, than the amount of the execution, and Joseph. E. Dugat, becoming insolvent, an execution issued against the plaintiff, which, with the interest and costs then accrued, amounted to..... | 147 | 00 |
| Add to this the plaintiff's half of the surplus of the sale of the joint property... ................................ | 31 | 61 |
| The amount of the sheriff's liability is................... | $178 | 61 |

*Garland,* for the plaintiff.

The sheriff became liable for all the injury sustained by the plaintiff in consequence of his neglect to do his duty. He

should have taken a bond for the difference between the amount of the execution and the price the property sold for, payable to the plaintiff alone, or if the property belonged to plaintiff and Joseph E. Dugat, to them as partners. *Code of Practice, Arts.* 716, 717.

*Simon*, for defendant, contended:

1. That the sheriff had followed strictly the commands contained in the body of the first execution, and has the money ready to render to the plaintiff in that execution.

2. That all the proceedings in the execution being regular, and the money held accountable to those it legally belongs to, the plaintiff has received no injury, and has no right to complain.

*Porter, J.* delivered the opinion of the court.

The plaintiff states that he became surety for one Joseph E. Dugat; that judgment was obtained against them on their obligation. That the execution was levied on plaintiff's property; and that the property was sold at twelve months' credit. That the defendant, who is sheriff of Lafayette, did not take bond with good security from the purchaser, by reason of which the plaintiff has sustained damages to a large amount. The general issue was pleaded; there was judgment in the District Court against the defendant for one hundred and seventy-eight dollars, with interest. He appealed.

A sheriff who sells property, under execution, on twelve months credit, and omits to include a sufficient sum, in the 12 months' bond, to satisfy the debt, interest and costs, when the amount of the property sold was sufficient, makes himself· liable to the debtor or defendant in execution for the deficiency.

The case only presents a question of fact, and we think it has been decided correctly by the judge of the first instance.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.